UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRISTOBAL ESTEBAN MATEO,<br><br>                                    Petitioner,<br><br>v.<br><br>CHRISTOPHER J LaROSE, Warden, Otay Mesa Detention Center,<br><br>                                    Respondent. | Case No.:  26-cv-3280-RSH-BJW<br><br>**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS** |

On May 28, 2026, petitioner Cristobal Esteban Mateo filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (the "Petition"). ECF No. 1.

Title 28 of the U.S. Code, Section 2241, provides that "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). A detainee bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Rule 4 of the Rules Governing Section 2254 Cases in the U.S. District Courts (the "Habeas Rules") requires summary dismissal of a federal habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *See also* Habeas Rule 1(b) (permitting district courts to apply Habeas Rules to Section 2241 habeas

1

proceedings); *Lane v. Feather*, 584 F. App'x 843, 843 (9th Cir. 2014) (affirming district court's application of Habeas Rule 4 to dismiss Section 2241 petition).

Petitioner challenges his immigration proceedings as "prolonged." ECF No. 1 at 2. He states that he was taken into immigration custody on February 13, 2026. *Id.* at 6. He further states that on March 5, 2026, he received a bond hearing, but the immigration judge denied bond on the grounds of risk of flight. *Id.* He complains of sleeplessness, dizziness, stomach pain, dirty utensils, unfiltered water, and a poor diet while in custody, and states that he continues to wait for an appointment with a psychologist. *Id.*

Petitioner has not alleged facts and/or a legal theory sufficient to establish that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). It plainly appears from the face of the Petition that Petitioner is not entitled to habeas relief at this time. Accordingly, the Petition is **DISMISSED**. The Clerk of Court is directed to close the case.

**IT IS SO ORDERED**.

Dated: June 2, 2026

_____
Hon. Robert S. Huie
United States District Judge

26-cv-3280-RSH-BJW